IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEONARD AND MOLLY KNOX,

      Plaintiffs,

  -vs-                                               No. CIV 09-0458 RLP/WDS

VERMEJO CONSERVANCY DISTRICT,
CHARLES HOY, ROGER KUCHAN,
RAYMOND NYSTUL, MARY LOU KERN,
BILL GOEBEL, TELENA SHUBERT, and
JOE HRONICH, in their official and
individual capacities,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiffs' Motion to Disqualify Cuddy & McCarthy, LLP. The Court has considered the parties' submissions and finds that the Motion is not well taken and will be denied for the reasons set forth below.

In 1997 and 1998, attorney John McCarthy ("McCarthy"), then employed with White, Koch, Kelly & McCarthy, P.A., represented Plaintiff Leonard Knox ("Knox") in his official capacity as Manager of Vermejo Conservancy District ("VCD") in matters factually unrelated to the present case. Currently, McCarthy is a partner with Cuddy & McCarthy, LLP. In the case at bar, an associate attorney of Cuddy & McCarthy, LLP is opposing counsel against Knox. The issues before the Court are whether Knox has standing to bring a Motion to Disqualify Cuddy & McCarthy, LLP; and, if so, whether to disqualify that firm for a conflict of interest between co-defendants VCD and its Board of Directors, or between McCarthy's current and former clients.

Though the federal courts are not bound by state ethics rules, the Local Rules of the District of New Mexico have expressly adopted New Mexico's Professional Rules of Conduct. Rule 83.9 of the Local Rules (D.N.M. LR-Civ.) provides: "The Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico apply except as otherwise provided by local rule or by Court order." *See, e.g.*, D.N.M. LR-Civ. 83.4(c). The general practice of courts in this circuit is not to disqualify counsel on the grounds of conflicts of interest unless the former client moves to do so. *Dawson v. City of Bartlesville, Okla.*, 901 F. Supp. 314, 315 (N.D. Okla. 1995). (where Oklahoma Rule of Professional Conduct 1.7 regarding representation of concurrent conflict of interest, which is identical to NMRPC 16-107, was invoked by plaintiff without standing). However, courts will allow a third party to bring a motion to disqualify counsel for a conflict of interest if counsel would be "*required* to either 'elicit confidential information from [the] former client in violation of ethical rules, *or* refrain from vigorously cross-examining those witnesses," *C.T. v. Liberal School District*, 2007 WL 773717, *4 (D.Kan. 2007)(quoting *United States v. Wittig*, 2005 U.S. Dist. LEXIS 8483 at *17 (D.Kan. 2005)) (emphasis added), or when public interests are implicated. *Dawson*, 901 F. Supp. at 315.

Here, if a conflict of interest exists between co-defendants, Knox offers no evidence to ascertain it. Nor does Knox present an implication of public interest resulting from the alleged conflict of interest between co-defendants. Knox at best presumes a *potential* conflict between individual co-defendants and defendant VCD, but relies on no factual basis in making this presumption; nor does he demonstrate that counsel will be required to elicit VCD's confidential information. Both the ABA Model Rules of Professional Conduct and the New Mexico Rules of Professional Conduct caution against invoking the Rules as

"procedural weapons."  ABA Model Rules Preamble; New Mexico Rules of Professional Conduct Preface.

Knox's reliance on Advisory Comment 6 to NMRPC 16-107, which addresses conflicts of interest in the representation of concurrent clients is misplaced.  Comment 6 refers to situations where a lawyer represents a client and then concurrently sues the client in a different matter.  Or alternatively, where the attorney must cross examine his own client eliciting damaging information to his client in a separate matter.  The facts of this case regarding alleged conflict between co-defendants are not applicable to this interpretation of NMRPC 16-107.

Knox also alleges a conflict of interest between himself and Cuddy & McCarthy, LLP due to McCarthy's former representation of Knox in his official capacity as manager of VCD in 1997/1998 in a separate legal matter.  In order for there to be an unethical conflict of interest when an attorney is currently opposing a former client there must have been an actual attorney-client relationship, and the current and former matters must be substantially related. NMRPC 16-109(a).

A matter is substantially related to a previous matter within the meaning of NMRPC 16-109 if "the factual contexts of the two representations are similar or related." *Cole v. Ruidoso Mun. Schools,* 43 F.3d 1373 (10th Cir. 1994).  There must be factual similarities between former and current matters for the "substantiality" test to be met.  *SLC Ltd. V v. Bradford Group West, Inc.*, 999 F.2d 464, 467 (10th Cir. 1993).

> The underlying question in whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question. (citing *Cole*, 43 F.3d at 1384 (quoting ABA model rule 1.9 cmt.)).  If there is a reasonable probability that during the course of the earlier representation a former client disclosed confidential

information which could be used against him in the subsequent adverse representation, the two matters are considered to be substantially related.

*Funplex Partnership v. F.D.I.C.*, 19 F. Supp.2d 1201, 1207 (D.Colo. 1998) (quoting *SLC Ltd. V.,* 999 F.2d at 467 n.3)).

Here, Knox did not convey any confidential personal information that relates to the present matter. Knox states that the information that was discussed in the 1997/1998 matters was "about these events" (referring to the 1997/1998 election issues). Knox Affidavit, attached as Exhibit to Reply [Doc. 12] at 2, ¶ 11). Though Knox alleges an underlying motive between the current and former matters, he does not assert any factual nexus between past election issues and the present water rights dispute, which is required under applications of NMPRC 16-109. *Cole*, 43 F.3d 1373.

The factual bases of Knox's present and former actions with respect to his relationship with Cuddy & McCarthy, LLP are too distinct to be substantially related within the meaning of Rule 16-109.

Plaintiff offers no evidence that a conflict of interest between co-defendants exists, and simply speculates that a conflict could arise if the court finds individual defendants' actions to be outside the scope of their official duties. Nor has Plaintiff implicated any public interest. Therefore, Leonard Knox does not have standing to bring a motion to disqualify Cuddy & McCarthy based on a conflict of interest between co-defendants.

## CONCLUSION

The Tenth Circuit Court of Appeals requires that in order to disqualify an attorney for a conflict of interest when an attorney currently opposes a former client, the alleged conflict must satisfy the three prong test set forth in NMRPC 16-109. The prong that requires factual relatedness between the prior and current matters is not met here because

the *facts* of the two cases are too dissimilar despite Plaintiffs' allegations of underlying motive. Thus, this court will not disqualify Cuddy & McCarthy, LLP on the grounds of either a NMRPC 16-107 or 16-109 violation.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Disqualify Counsel [Doc. 8] is denied.

IT IS SO ORDERED.

_____
Honorable Richard L. Puglisi
United States Magistrate Judge